David Evans, #5-1660
Autumn Aspen #7-5695
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003-0467
Ph: 307-634-1525
Fx: 307-638-7335
devans@hickeyevans.com
aaspen@hickeyevans.com
*Attorneys for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 DEC 17 PM 4: 42

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS<br>UA LOCAL 192, PLUMBERS<br>AND PIPEFITTERS NATIONAL<br>PENSION FUND, INTERNATIONAL<br>TRAINING FUND, PIPE INDUSTRY<br>HEALTH AND WELFARE FUND<br>OF COLORADO, PIPE TRADES<br>PENSION OF MONTANA | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 18-CV-215-F |
| DON HAUGHT, INC., dba Valley<br>Plumbing and Heating | )<br>)<br>) | |
| Defendant. | )<br>) | |

**COMPLAINT**

COME NOW Plaintiffs, Plumbers and Pipefitters UA Local 192, Plumbers and Pipefitters

National Pension Fund, International Training Fund, Pipe Industry Health and Welfare Fund of

Colorado, and Pipe Trades Pension of Montana, by and through their attorneys, Hickey & Evans,

1

LLP, and for their Complaint against Defendant, Don Haught, Inc., dba Valley Plumbing and Heating state and allege as follows:

## I.     PARTIES, JURISDICTION AND VENUE

1.      At all times material herein, Plaintiff, Plumbers and Pipefitters UA Local 192 ("Plaintiff Union"), was and is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

2.      Plaintiff Union maintains its principal office in Cheyenne, Wyoming.

3.      At all times material herein, the Plaintiffs, Plumbers and Pipefitters National Pension Fund, International Training Fund, Pipe Industry Health and Welfare Fund of Colorado, and Pipe Trades Pension of Montana (collectively, "Plaintiff Trust Funds"), were and now are employee benefit plans organized and existing under the laws of the United States. At all times mentioned herein, the Plaintiff Trust Funds were and now are express trusts created by a written trust agreement (collectively, "Trust Agreements") subject to and pursuant to Section 302 of LMRA, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002 and 1003. The Plaintiff Trust Funds are administered by their Boards of Trustees.

4.      At all times material herein, Defendant, Don Haught, Inc., dba Valley Plumbing and Heating ("Defendant" or "Valley"), has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. § 1002(5), 1145 and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

5.      Federal jurisdiction exists because this action arises under and is brought pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

6.     Venue is proper in this District pursuant to 29 U.S.C. § 185(a) and under ERISA, Section 502(e)(2), 29 U.S.C. 1132(e)(2) because contributions and dues are due and payable in the City of Cheyenne, Wyoming.

## II.     FACTS COMMON TO PLAINTIFFS' CLAIMS FOR RELIEF

7.     The preceding allegations are incorporated and re-alleged as if fully set forth herein.

8.     Plaintiff Union and Valley were and are parties to a "Commercial Construction Agreement", effective January 1, 2018 through December 31, 2018 and an "Industrial Agreement", effective January 1, 2018 through December 31, 2018 (collectively, "Agreements").

9.     At all times material herein, Defendant has been bound to the Agreements, with the Plaintiff Union, a labor organization within the meaning of LMRA Section 301, 29 U.S.C. § 185.

10.     Article XVI of the Agreements provides that if an employee does not receive a correct paycheck on the scheduled payday, the employee shall be compensated eight hours of straight time every day until the correct paycheck is received.

11.     The above-mentioned Agreements and Trust Agreements provide for prompt payment of dues and other amounts owed to Plaintiff Union and of contributions to the Plaintiff Trust Funds. The Trust Agreements provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Plaintiff Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Plaintiff Trust Funds. Said Trust Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

12.     Plaintiff Union was and is the duly certified exclusive bargaining representative for certain employees of Defendant on the following projects: (1) University of Wyoming

3

Engineering, Education and Research Building in Laramie, Wyoming; (2) South Dakota Regional Healthcare Center Campus in Winner, South Dakota; and (3) Rapid City Orthopedic Medical Center in Rapid City, South Dakota. As such, Defendant is a labor organization representing employees in an industry affecting commerce, within the provisions of Section 301 of the LMRA, 29 U.S.C. § 185.

13.     Defendant, is a corporation organized and existing under the laws of the State of Wyoming, and has its principal office and place of business located in Torrington, Wyoming, within the territorial jurisdiction of this court. Defendant engages in construction work in Wyoming, South Dakota, and Montana. Defendant is an employer in an industry affecting commerce, within the provisions of Section 301 of the LMRA, 29 U.S.C. § 185.

### III.     FIRST CLAIM FOR RELIEF
### (Breach of Contract)

14.     The preceding allegations are incorporated and re-alleged as if fully set forth herein.

15.     Contributions and dues to the Plaintiff Union and Plaintiff Trust Funds were among the material terms of the Agreements and Trust Fund Agreements.

16.     As a result of the members' employment with Valley, the Plaintiffs were entitled to said contributions and dues from Valley.

17.     Said contributions and dues to the Plaintiffs from Defendant have not been submitted as required by said Agreements for the months of March, April, and May 2018.

18.     Demand has been made of Defendant for payment of the amounts determined to be due and owing for said period, and Defendant has failed, neglected or refused to pay such amounts and they are now due, owing and unpaid to Plaintiffs from Defendant.

4

19.     Plaintiffs have reviewed information from the Defendant's books and records and has concluded that Defendant owes the Plaintiffs for contributions and dues in the total amount of $328,725.50, plus penalties in the amount of $831,616.82 pursuant to Article XVI of the Agreements, plus accrual, and subject to modification. This amount is further outlined below:

| Plumbers and Pipefitters National Pension Fund | $59,759.58 |
|---|---|
| International Training Fund | $2,409.11 |
| Pipe Industry Health and Welfare Fund of Colorado | $159,000.60 |
| Pipe Trades Pension of Montana | $31,062.14 |
| Local Training Funds | $20,766.55 |
| Working Dues | $19,954.15 |
| Market Recovery | $6,674.97 |
| Vacation Wages | $29,098.40 |
| Article XVI[1] | $831,616.82 |

Plaintiff Trust Funds are intended third-party beneficiaries of the Agreements.

20.     Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable Agreements.

21.     Plaintiffs are entitled to reasonable attorneys' fees, liquidated damages, interest, and other reasonable expenses incurred in connection with this matter due to the failure and refusal of Defendant to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Agreements, Trust Agreements, and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

## IV.     SECOND CLAIM FOR RELIEF
### (Actual Damages for Breach of Contract)

22.     The preceding allegations are incorporated and re-alleged as if fully set forth herein.

---

[1] This amount is calculated by taking the base times 8 hours per day that wages are unpaid. Calculated as of July 9, 2018 for the project in Rapid City, South Dakota and as of August 8, 2018 for the projects in Winner, South Dakota and Laramie, Wyoming.

23.     Defendant has failed, neglected, and refused to make the appropriate contributions as required by the Agreements and Trust Agreements, and have caused Plaintiffs actual damages in the amount of $328,725.50, plus penalties in the amount of $831,616.82 pursuant to Article XVI of the Agreements, plus accrual, and subject to modification, plus interest liquidated damages, attorney fees', collection costs, plus any and all other amounts due under ERISA.

24.     WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1.     For actual damages of $328,725.50, plus penalties in the amount of $831,616.82 pursuant to Article XVI of the Agreements, plus accrual, according to proof and subject to modification;

2.     For prejudgment interest and post judgment interest at the highest legal rate;

3.     For liquidated damages, attorneys' fees, court costs, and other reasonable expenses incurred in connection with this action; and

4.     For such other and further relief as required by ERISA and as this Court deems just and proper.

Respectfully submitted this /7 day of December, 2018.

PLUMBERS AND PIPEFITTERS UA LOCAL 192, PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, INTERNATIONAL TRAINING FUND, PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, PIPE TRADES PENSION OF MONTANA

BY: _____
David Evans, #5-1660
Autumn Aspen #7-5695
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700

P.O. Box 467
Cheyenne, WY 82003
Ph: (307) 634-1525
Fax: (307) 638-7335
devans@hickeyevans.com
aaspen@hickeyevans.com